﻿Citation Nr: 18104738
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 15-04 739
DATE: May 23, 2018
REMANDED
Entitlement to service connection for atrial fibrillation, to include as secondary to medications taken for service-connected disabilities is remanded.
REASONS FOR REMAND
The Veteran served active duty in the U.S Navy from June 1978 to October 1996.
1. Entitlement to service connection for atrial fibrillation, to include as secondary to medications taken for service-connected disabilities is remanded.
The issue of entitlement to service connection for atrial fibrillation is remanded for additional development. While the July 2011 and October 2014 VA examiners provided opinions regarding whether the Veteran’s atrial fibrillation is related to the medication prescribed for his service-connected disabilities, the examiners did not address whether it was aggravated by his medications. In addition, the examiners failed to provide a direct service connection opinion regarding whether the Veteran’s heart disorder was etiologically related to military service. As such, a remand is warranted for an addendum opinion. 
The matter is REMANDED for the following action:
1. Obtain a VA addendum medical opinion to determine the nature and etiology of the Veteran’s atrial fibrillation. If an opinion cannot be obtained without an examination, then a VA examination should be afforded to the Veteran. The record, including a copy of this remand, must be made available to and reviewed by the examiner. The VA examiner should address the following: 
(A) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s atrial fibrillation is caused by his military service. 
(B) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s atrial fibrillation is caused by the medications taken for his service-connected disabilities.
(C) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s atrial fibrillation is aggravated (i.e. worsened beyond normal progression) by his medications taken for his service-connected disabilities. 
For the purposes of secondary service connection, the examiner is advised that aggravation is defined as “any increase in disability.” See Allen v. Brown, 7 Vet. App. 439, 448 (1995).
2. If it is determined that the Veteran’s atrial fibrillation is aggravated beyond its natural progression by the medications for his service-connected disabilities, please discuss whether the baseline level of severity of the atrial fibrillation is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the left foot condition.
3. The examiner should cite to the medical and competent lay evidence of record and explain the rationale for all opinions given. If after consideration of all pertinent factors it remains that the opinion sought cannot be given without resort to speculation, it should be so stated and the provider must (to comply with governing legal guidelines) explain why the opinion sought cannot be offered without resort to speculation. 
 
4. After the above development has been completed, review the file and ensure that all development sought in this remand is completed. Undertake any additional development indicated by the results of the development requested above, and readjudicate the claim. If the issue remains denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.
 
KRISTI L. GUNN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD I. Umo, Associate Counsel